UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                      )

**ROBERT ALLEN STANFORD,**        )

    **Plaintiff,**                          )

        v.                             )      Case No. 1:17-cv-02335 (APM)

**JAY CLAYTON,**                    )

    **Defendant.**                        )
_____ )

## ORDER

Plaintiff Robert A. Stanford brings this action under the Federal Tort Claims Act ("FTCA"), alleging that the U.S. Securities and Exchange Commission ("SEC") wrongfully brought a civil enforcement action against him and his companies. *See* Notice of Claim, ECF No. 1 [hereinafter Pl.'s Notice]. Plaintiff does not identify the actual causes of action he advances, but the allegations sound in claims of malicious prosecution and abuse of process. *See generally id.* Defendant Jay Clayton, Chairman of the SEC, moves to dismiss Plaintiff's complaint.[1] *See* Def.'s Mot. to Dismiss, ECF No. 6 [hereinafter Def.'s Mot.]. Having given full consideration to the parties' briefing, the court grants Defendant's Motion.

The court lacks subject matter jurisdiction over Plaintiff's action because the FTCA's discretionary-function exception shields the United States from liability premised on the SEC's investigation of, and decision to bring a civil enforcement action against, Plaintiff and his companies. *See* 28 U.S.C. § 2680(a); *Loumiet v. United States*, 828 F.3d 935, 942 (D.C. Cir. 2016)

---

[1] Although claims under FTCA must be brought against the United States, and not individual officials, *see* 28 U.S.C. § 2679(a), because Plaintiff is proceeding pro se the court treats his action as if properly brought against the United States.

(holding that "a decision by a [federal agency] to bring an action pursuant to its broad statutory enforcement authority" ordinarily qualifies for the discretionary-function exception); *Sloan v. U.S. Dep't of Hous. & Urban Dev.*, 236 F.3d 756, 760–61 (D.C. Cir. 2001) (holding that federal agency's decision to initiate administrative action was subject to discretionary-function exception); *Moore v. Valder*, 65 F.3d 189, 197 (D.C. Cir. 1995) (holding that "[d]eciding whether to prosecute" is "quintessentially discretionary"); *cf. Zelaya v. United States*, 781 F.3d 1315, 1331–32 (11th Cir. 2015) (holding that the discretionary-function exception applies to claims based on the SEC's failure to discover and take action against Ponzi schemer); *Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 750–51 (9th Cir. 2013) (same); *Baer v. United States*, 722 F.3d 168, 172–73 (3d Cir. 2013) (same). The court notes that Plaintiff has *not* alleged that the SEC exceeded the scope of its constitutional authority in bringing the enforcement action. *See* Pl.'s Notice at 3 (alleging only that the SEC's action was "founded and executed on an extraterritorial jurisdiction and statutory authority that never existed"); *Cf. Loumiet*, 828 F.3d at 946; Pl.'s Resp. to United States' Mot. to Dismiss, ECF No. 8 [hereinafter Pl.'s Opp'n], at 6–7 (alleging only that the SEC's action "went beyond normal regulatory activity" and was "not grounded in policy").

Additionally, the court rejects Plaintiff's request to take jurisdictional discovery to defeat application of the discretionary-function exception. Plaintiff's demand for discovery is based on no more than "conjecture or speculation," *FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1094 (D.C. Cir. 2008), that he will uncover decision-making that takes the SEC's enforcement decision outside the discretionary-function exception, *see* Pl.'s Opp'n, at 6–7.

The court also finds that Plaintiff's action is barred under 28 U.S.C. § 2680(h). That statute exempts the United States from, among other things, suit for "malicious prosecution" and "abuse

2

of process," which, as noted, are essentially the torts Plaintiff asserts here. Section 2680(h) does not shield conduct of "investigative or law enforcement officers of the United States Government," but SEC enforcement officials do not qualify as investigative or law enforcement officers for purposes of the FTCA. *Id.* (defining "investigative or law enforcement officer" to mean "any officer of the United States who is empowered by law to execute searches, to seize evidence, or make arrests for violations of federal law"); *cf. Moore v. United States*, 213 F.3d 705, 710 (D.C. Cir. 2000) (holding that federal prosecutor was "not an investigative or law enforcement officer" for purposes of § 2680(h)); *Loumiet v. United States*, 255 F. Supp. 3d 75, 98 (D.D.C. 2017) (holding that Office of the Comptroller of the Currency officials were not investigative or law enforcement officers within the meaning of § 2680(h) because they could "only enforce witness and document subpoenas by application to a United States District Court"). Plaintiff's claims for malicious prosecution and abuse of process arising from the acts of SEC officials therefore are barred under the FTCA.[2]

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 6, is granted. Plaintiff's Motion for the Appointment of Counsel, ECF No. 2, is therefore denied as moot.

This is a final, appealable order.

Dated: July 5, 2018

Amit P. Mehta
United States District Judge

---

[2] In view of the foregoing rulings, the court need not reach Defendant's statute-of-limitations argument.

3